UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEBRONZE LENOIR,

    Plaintiff,

v.

MICHAEL MILLETTE, et al.,

    Defendants.
    _____/

Case No. 2:16-cv-69

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. On October 24, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment for failure to exhaust administrative remedies (ECF Nos. 19, 22, 34, 40) be granted. The Magistrate Judge also recommended that Plaintiff's motion for summary judgment (ECF No. 37) and Defendants' motions to stay the obligation to respond to Plaintiff's motion for summary judgment (ECF Nos. 42, 44) be denied as moot. The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 54.)

    This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of

the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

**I.**

Plaintiff made three objections. First, Plaintiff objects to the Magistrate Judge's conclusion that he did not fully exhaust administrative remedies for his claim against Defendant Gerlach. Second, Plaintiff objects to the Magistrate Judge's conclusion that he did not fully exhaust administrative remedies for his claim against Defendants Doolittle and Kronk. Third, Plaintiff objects to the Magistrate Judge's conclusion that he did not fully exhaust administrative remedies for his claim against Defendants Millette, Ball, MacDowell, Fischer, Haske, and Bennett.

**A. Defendant Gerlach**

Plaintiff argues that the Michigan Department of Corrections ("MDOC") improperly rejected his grievance against Defendant Gerlach as duplicative. Plaintiff argues that this was the first grievance he made against Defendant Gerlach regarding his back brace. Because of its improper rejection, Plaintiff contends that further administrative remedies were unavailable. Thus, Plaintiff claims that he exhausted all available remedies as required

by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007). MDOC policy provides that grievances filed by inmates may be rejected if they raise issues found to be duplicative of issues raised in previous grievances filed by the same inmate. (ECF No. 54-1, PageID.418.) In Step II and Step III, the MDOC rejected Plaintiff's grievance because it raised duplicative issues. (*Id.* at PageID.418, PageID.419.) Thus, the Magistrate Judge properly concluded that Defendant Gerlach's motion for summary judgment for failure to exhaust administrative remedies should be granted. *See Cowan v. Miller*, No. 15-cv-1248, 2016 WL 3251762, at *3 (E.D. Mich. June 14, 2016) (holding that a plaintiff did not exhaust administrative remedies where the MDOC rejected a grievance as duplicative).

### B. Defendants Doolittle and Kronk

Plaintiff argues that he filed a grievance against Defendants Doolittle and Kronk, but never received a response from the MDOC. After no response, he requested a Step II grievance appeal form. Plaintiff claims that the MDOC responded, with a difference grievance number, and rejected his Step II grievance for raising duplicative issues. Plaintiff claims that the rejection included a different grievance number than the grievance he filed against Defendants Doolittle and Kronk. But this argument is not supported by the grievance forms. In Step I of grievance ICF 15-02-454-28a, Plaintiff alleged that he was being denied

3

pain medication, and had spoken with Defendants Doolittle and Kronk about the issue. (ECF No.23-2, PageID.235.) In Step II of that grievance number, the MDOC rejected Plaintiff's grievance as duplicative, and this rejection was upheld at Step III. (*Id*. at PageID.232-34.) Plaintiff did not fully exhaust his claims against Defendants Doolittle and Kronk. Therefore, the Magistrate Judge properly concluded that Defendants Doolittle and Kronk's motion for summary judgment for failure to exhaust administrative remedies should be granted.

### C. Defendants Millette, Ball, MacDowell, Fischer, Haske and Bennett

Plaintiff argues that he filed a Step I grievance against Defendants, but he did not receive a response from the MDOC. After he obtained the names of the others involved, he filed another grievance, which was dismissed as duplicative. Again, Plaintiff contends that the rejection contained a different grievance number. Plaintiff then requested a Step II grievance appeal form for this grievance, but the Step II grievance was rejected as untimely.

Plaintiff contends that he submitted several grievances without receiving a response from the MDOC. But Plaintiff did not submit a copy of any of these grievances to the Court. Plaintiff did include a letter that wrote to the grievance director complaining about the MDOC's failure to respond to his grievances. (ECF No. 54-1, PageID.434.) Although Plaintiff alleges that he sent grievances regarding his medical treatment, he does not include any of the grievance identifier numbers in the letter. Plaintiff has failed to produce any evidence to support his claim that he submitted grievances but never received a response from the MDOC. Moreover, even if the Court credits Plaintiff's claim, the MDOC rejected this grievance at Step II as untimely. Thus, Plaintiff has not shown that there is a genuine dispute of material fact as to whether he properly exhausted all available administrative

4

remedies for his claims against Defendants Millette, Ball, MacDowell, Fischer, Haske, and Bennett.

The Court has reviewed the R&R; it accurately recites the facts and correctly applies pertinent law. Thus, the Court agrees with and adopts the Magistrate Judge's analysis. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 47) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 49) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 37) and Defendants' motions to stay the obligation to respond to Plaintiff's motion for summary judgment (ECF Nos. 42, 44) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 19, 22, 34, 40) are **GRANTED**.

Dated: December 19, 2016         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE